UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00924-RSE

CHRISTOPHER C. DUNHAM, SR.                                              PLAINTIFF

VS.

ANDREW SAUL,
*Commissioner of Social Security*                                      DEFENDANT


## MEMORANDUM OPINION
## AND ORDER

The Commissioner of Social Security denied Christopher C. Dunham, Sr.'s application for disability benefits under Title II of the Disability Act. Dunham seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both Dunham (DN 17-1) and the Commissioner (DN 22) have filed a Fact and Law Summary. The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 14).

I.      Findings of Fact

Christopher C. Dunham ("Dunham") was born on March 25, 1976 and was forty years old on his alleged onset disability date. (Tr. 46-47). Dunham graduated from high school in 1994 and subsequently enlisted in the United States Army. (Tr. 234). From 2001-2014, Dunham worked as a recruiter for the United States Army; he then transitioned into part-time work as the Associate Director of Sports Ministry at his church. (Tr. 50-52). Dunham states that he stopped working in 2016 due to his physical limitations and mental health. (Tr. 53, 60-64).

Dunham lives with his wife, who has been authorized as a caregiver by the Department of Veterans Affairs ("VA"), and his two children. (Tr. 53-54, 112). He contends he is unable to do any household chores and that the responsibility rests with his wife. (Tr. 65). While at home, however, Dunham supervises his son during the day and occasionally assists him with homeschooling. (Tr. 67). Dunham has undergone nine surgeries in eight years. (Tr. 55). During the administrative hearing, Dunham testified that he needs a cane to assist him with walking and balancing, that he has trouble reaching with his arms and utilizing his hands, and that he is experiencing headaches that cause him trouble when he moves his head. (Tr. 55-59).

Dunham applied for disability insurance benefits ("DIB") under Title II of the Social Security Act, claiming that he became disabled on October 15, 2016 (Tr. 187-188), due to PTSD, major depression, arthritis bilateral lower extremities, lumbar strain/herniated disc, bulging disc, exertional compartmental syndrome bilateral lower extremities, cervical fusion C-3 to C-7 with laminectomy, right shoulder rotator cuff tear, left shoulder tendinitis, osteoarthritis to bilateral ankles with no cartilage, and chronic pain. (Tr. 233). His application was denied initially (Tr. 114) and again on reconsideration (Tr. 120). Administrative Law Judge Dwight D. Wilkerson ("ALJ Wilkerson") conducted a hearing in Louisville, Kentucky on February 5, 2019. (Tr. 44). Dunham attended the hearing with his attorney. (*Id.*). An impartial vocational expert also testified at the hearing. (*Id.*). ALJ Wilkerson issued an unfavorable decision on June 4, 2019. (Tr. 38).

ALJ Wilkerson applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Dunham has not engaged in substantial gainful activity since October 15, 2016, the alleged onset date. (Tr. 26). Second, Dunham has the severe impairments of "[d]egenerative disc disease (DDD) status-post cervical fusion, status-post knee scope, status-post

2

shoulder surgery, degenerative joint disease (DJD) of the ankle, obstructive sleep apnea (OSA), obesity, depressive disorder, anxiety, post-traumatic stress disorder (PTSD), and cannabis abuse (20 CFR 404.1520(c)).” (*Id*.). Third, none of Dunham's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 27). Between steps three and four, ALJ Wilkerson found that Dunham has the residual functional capacity to perform “light work” as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes, or scaffolds. (Tr. 29). Additionally, ALJ Wilkerson found that:

> The claimant can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead. The claimant can frequently reach, handle, and finger with his bilateral upper extremities. The claimant should avoid concentrated exposure to vibrations and hazards. The claimant can understand, remember, and carry out simple and some detailed instructions. The claimant is able to cooperate with coworkers and the general public on routine tasks and transactions. The claimant can adapt to occasional changes in a routine work setting.

(*Id*.). Fourth, ALJ Wilkerson found that while Dunham has the RFC to perform light work with the above-mentioned restrictions, he is unable to perform any of his past relevant work. (Tr.36). Fifth, the ALJ determined that, given Dunham's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that Dunham can perform. (*Id*.). Based on this evaluation, ALJ Wilkerson concluded that Dunham was not disabled, as defined in the Social Security Act, from October 15, 2016, through June 4, 2019, the date of his decision. (Tr. 38). Dunham appealed ALJ Wilkerson's Decision. (Tr.184-186). The Appeals Council declined review. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Dunham appealed to this Court. (DN 1).

## II.    Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may “not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of

credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the administrative law judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

### III.     Conclusions of Law

Dunham appears to make two challenges to ALJ Wilkerson's Finding No. 5, the residual functional capacity ("RFC") determination. The RFC finding is the administrative law judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The administrative law judge bases his RFC finding on a review of the record as a whole, including a claimant's credible testimony and the opinions from a claimant's medical sources. 20 C.F.R. §§ 404.1545(a)(1), 416.945 (a)(1).

Dunham first claims that ALJ Wilkerson should have afforded more weight to the medical opinion of Consultative Examiner, Curtis Gale-Dyer, DO ("Dr. Gale-Dyer"). (DN 17-1, p. 10). Dunham next takes issue with the ALJ's analysis of his 100% VA disability rating. (DN 17-1 at p. 12). The Court will first address ALJ Wilkerson's analysis of the VA disability determination.

1. VA Disability Determination

When making his RFC determination, ALJ Wilkerson assigned Dunham's 100% VA disability rating "no weight" because he opined that the disability determination process utilized by the VA was "fundamentally different" than the determination process utilized by the Social Security Administration ("SSA"). (Tr. 35). Dunham alleges that, pursuant to Social Security Ruling 06-03p ("SSR 06-03p"),[1] ALJ Wilkerson failed to sufficiently consider the VA disability decision and further failed to explain the weight afforded to the decision. (DN 17-1, at p. 12); *see also* SSR 06-03p, 2006 WL 2329939. Specifically, Dunham contends that ALJ Wilkerson gave no consideration to the ratings of Dunham's individual impairments or the evidence upon which those rating are based, thus, warranting remand. (DN 17-1, at 12, 15).

## A. Does SSR 06-03p apply to this claim?

The Court must first consider whether SSR 06-03p applies in this case. The Commissioner contends that SSR 06-03p is not applicable to this claim because it was rescinded as of March 27, 2017 and "does not apply to claims filed *or pending on or after* March 27, 2017." (DN 22, at p. 4 n.2, 7 n.4). Dunham disagrees. (DN 17-1, at p. 12).

SSR 06-03p makes clear that while the ALJ is ultimately responsible for determining whether or not a claimant is disabled, "a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p, at *6; *see also Johnson v. Saul*, No. 3:18-CV-01106, 2020 WL 1329915, at *2 (M.D. Tenn. Mar. 23, 2020) ("The Ruling obligated the ALJ to 'at least consider a VA's disability decision and explain the reasons

---

[1] Various sources cite SSR 06-03p differently. Both Dunham and the Commissioner refer to the ruling as "SSR 06-3p." *See* (DN 17-1, at p. 12; DN 22, at p. 4 n.2, 7 n.4). Additionally, in the Notice of Recission, the ruling is cited as "SSR 06-3p" in the title and referred to as "SSR 06-03p" in the text. *See* Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p, 82 Fed. Reg. 15263 (March 27, 2017). For purposes of this order, the Social Security Ruling will be referred to as "SSR 06-03p."

for the weight she assigns to it.'" (quoting *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 310 (6th Cir. 2018)). On January 18, 2017, however, the SSA amended 20 C.F.R. § 404.1504, which governs the consideration of decisions by other governmental agencies and nongovernmental entities. The revised Rule states:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers— make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are blind or disabled under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504 (January 18, 2017). As a result, on March 27, 2017, the SSA rescinded SSR 06-03p. Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p, 82 Fed. Reg. 15263 (March 27, 2017). The Notice of Rescission specified: "*Effective Date*: This rescission will be effective for claims filed on or after March 27, 2017." *Id*. On April 6, 2017, the SSA published a Correction to the Notice of Rescission that changed the effective date to read "Effective Date: March 27, 2017," essentially removing the modifiers. Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p; Correction, 82 Fed. Reg 16869 (April 6. 2017).

As noted above, the Commissioner believes that the Notice of Recission and subsequent Correction should be interpreted to mean SSR 06-03p is not applicable "to claims filed *or pending*

*on or after* March 27, 2017." (DN 22, at p. 4 n.2, 7 n.4). However, the phrase "*or pending*" does not appear in the text of the Notice of Recission, the Correction, or 20 C.F.R. § 404.1504. Both the Notice of Recission and 20 C.F.R. § 404.1504 state that they are applicable to claims filed "on or after March 27, 2017." *See* Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p, 82 Fed. Reg. 15263 (Mar. 27, 2017); 20 C.F.R. § 404.1504 (Jan. 18, 2017). The Correction simply lists the effective date as March 27, 2017. *See* Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p; Correction, 82 Fed. Reg 16869 (Apr. 6. 2017). As one district court within this Circuit has concluded: "[i]f the agency will not provide analysis of other agency decisions for claims filed *after* March 27, 2017, . . . the revised Rule requires the agency to provide such analysis for claims filed *before* that date." *Johnson*, 2020 WL 1329915, at \*3; *see also* SSR 06-03p. Thus, SSR 06-03p is applicable to Dunham's claim as his claim was filed on December 18, 2016, before the date of recission. (Tr. 111).

   *B.   Did ALJ Wilkerson fail to evaluate the VA disability determination in accordance with the proper legal standard?*

   To support his claim that the ALJ did not properly evaluate his disability rating from the VA, Dunham relies on the Sixth Circuit's opinion in *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306 (6th Cir. 2018). In this case, the Sixth Circuit upheld a decision in which the ALJ acknowledged the VA disability rating and outlined each percentage of service-related disability. *Id*. at 310. The ALJ went on to assign the VA's determination "some weight" but "ultimately distinguished her decision from the VA's on grounds that 'accurately reflect the approaches taken in the two systems.'" *Id*. at 310-11 (quoting *LaRicca v. Comm'r of Soc. Sec.*, 549 F. App'x 377,

388 (6th Cir. 2013)); *see also* (DN 17-1, at p.12). Dunham alleges that ALJ Wilkerson's analysis in this case 'falls short" of the required legal standard. (*Id*.).[2]

The Commissioner responds that because VA disability determinations are considered evidence from a nonmedical source, they are not binding on the SSA. (DN 22, at p. 7); *see also* 20 C.F.R. § 404.1504.  The Commissioner contends that while an ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion allows a claimant or subsequent reviewer to follow the adjudicator's reasoning," the ALJ in this case complied with the proper legal standards. (DN 22, at pp. 7-8). To support this claim, the Commissioner points to the Sixth Circuit's opinion in *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531 (6th Cir. 2019). In this case, the Sixth Circuit upheld a decision in which the ALJ acknowledged the VA's rating and explained that the VA used different standards for making disability determinations than the SSA; noting that the VA's records did not contain function-by-function analysis or language describing how a claimant's impairment or combination of impairments may limit his or her ability to work. *Kessans*, 768 F. App'x at 535; *see also* (DN 22, at p. 8). The Commissioner further contends that ALJ Wilkerson met his burden by considering Dunham's PTSD, which the VA assigned a 70% disability rating. (DN 22, at pp. 9-10).

As the Commissioner correctly noted, a VA disability determination is not binding on the SSA. *See* 20 C.F.R. § 404.1504 (noting that a disability determination made by another governmental agency is based on its rules and is not binding on the SSA). SSR 06-03p, however, requires that an ALJ consider evidence of disability by both governmental and nongovernmental

---

[2] Dunham's claim that the ALJ should have afforded the VA disability determination more consideration due to the similarity between the two systems' assessment methods is without merit. (DN 17-1, at p. 13); *see also Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013). *Teasley v. Comm'r of Soc. Sec.*, No. 2:18-CV-1079, 2019 WL 2559514, at *11 (S.D. Ohio June 21, 2019) demonstrates that the ALJ is free to assign the VA disability determination any weight he sees fit, so long as he provides sufficient explanation for the weight he affords it. *See* SSR 06-03p.

agencies. SSR 06-03p, at *6-7. While the Sixth Circuit has not put forth a specific standard regarding the weight that a VA disability determination should be afforded, it has explained that an ALJ should "at least consider a VA's disability determination and explain reasons for the weight she assigns it." *Joseph*, 741 F. App'x at 310 (quoting *LaRicca*, 549 F. App'x at 388); *see also Teasley v. Comm'r of Soc. Sec.*, No. 2:18-CV-1079, 2019 WL 2559514, at *11 (S.D. Ohio June 21, 2019) (upholding an ALJ's decision to assign claimant's VA disability determination "no significant weight" where the ALJ "offered a thorough discussion of the VA disability rating and her explanation for discounting it."); *Riley v. Berryhill*, No. 3:16CV-00776-DW, 2017 WL 3468556, *4-5 (W.D. Ky. Aug. 11, 2017) (ALJ assigned the VA's decision "little weight" and fulfilled her obligation by identifying reasons why the VA rating was not persuasive evidence of disability). Accordingly, courts have routinely remanded cases in which an ALJ failed to properly weigh and explain their consideration of governmental and nongovernmental agencies' disability determinations. *See Johnson*, 2020 WL 1329915, at *3 (ALJ's cursory treatment of the VA's disability findings does not adequately explain the weight afforded the VA determination); *Rivett v. Colvin*, No. 2:11-cv-00111, 2014 WL 5822858, at * 9 (M.D. Tenn. Nov. 7, 2014) ("cursory rejection of the [agency] determination as 'based on its own rules' is insufficient consideration . . .") (quoting *McPhee v. Comm'r of Soc. Sec.*, No. 12-cv-13931, 2013 WL 3224420, at * 14 (E.D. Mich. Jun. 25, 2013)); *West v. Berryhill*, No. 2-14-cv-00102, 2017 WL 2369530, at *7 (M.D. Tenn. May 31, 2017) (Mere acknowledgement that another agency decision is not binding is not proper consideration or explanation of that decision.).

In this case, the ALJ addressed the VA disability rating as follows:

> The undersigned takes note that the Department of Veterans Affairs (VA) purportedly assigned the claimant a combined service-connected disability rating of 100% (Exhibits 4F/3 and 5F/3). The disability determination processes utilized by the VA and the Social

> Security Administration are fundamentally different. The VA does
> not make a function-by-function assessment of an individual's
> capabilities (i.e., determine the claimant's residual functional
> capacity) or determine whether the claimant is able to perform either
> his past relevant work or other work that exists in significant
> numbers in the national economy as is required by the Regulations.
> Thus, a disability rating by the VA is of little probative value in these
> proceedings. Therefore, the undersigned gives no weight to the
> VA's determination.

(Tr. 35). The ALJ's assertion that the disability determination processes utilized by each agency is "fundamentally different" is accurate. The criteria the VA relies on when assessing disability is "independent and distinct" from the criteria outlined in the Social Security Act. *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013); *See also Riley v. Berryhill*, 2017 WL 3468556, *5 ("Courts within the Sixth Circuit have noted that claimants seeking disability under the Social Security Act are subject to a more stringent standard than those under the Department of Veterans Affairs") (citing *Cantrell v. Colvin*, 3:13-cv-00235, 2015 WL 926640, at *18 (M.D. Tenn. Mar. 4, 2015) (citing *Paul v. Astrue*, 827 F. Supp. 2d 739, 743 (E.D. Ky. 2011))).  ALJ Wilkerson, however, did not provide sufficient explanation for why he assigned the VA disability determination "no weight." Simply stating that the disability determination process of the two agencies is different, without further consideration of the VA's 100% disability rating, does not provide the Court with sufficient explanation. Under SSR 06-03p, ALJ Wilkerson was obligated to evaluate all evidence that may have a bearing on his determination of whether or not Dunham is disabled, including decisions by other governmental and nongovernmental agencies and was bound to explain the consideration given to these decisions. *See* SSR 06-03p. Thus, the ALJ did not meet his legal obligation in this case.

The Commissioner contends that ALJ Wilkerson's analysis in this case is similar to the analysis that was upheld by the Sixth Circuit in *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531

(6th Cir. 2019). In *Kessans*, the ALJ acknowledged the VA's disability rating but explained that the VA uses different standards for making disability determinations and that the VA's records on Kessans did not contain function-by-function analysis or language describing how Kessans' PTSD limited her ability to work. 768 F. App'x at 535. Additionally, the Court found that there was evidence that the ALJ gave the VA's decision "some consideration" because the ALJ utilized the VA's determination as evidence that Kessans had "severe mental impairment." *Id*. Here, ALJ Wilkerson simply alluded to the differences in the two systems but did not discuss the results of the VA's determination or why he concluded that the rating was not persuasive. *See Rhodes v. Berryhill*, No. 3:17-CV-167-RGJ-CHL, 2019 WL 5712571, at \*5–6 (W.D. Ky. Nov. 5, 2019) (ALJ properly based his decision to give "little weight" to the VA disability determination on the well-established and accurate fact that the VA's criteria for establishing disability and the SSA's criteria are different and by incorporating several pages of reasoning in which he discredited or put into context the various symptoms that made up the VA's determination of disability.). Unlike the ALJ in *Kessans*, there is no evidence in this case that ALJ Wilkerson gave any consideration to the VA's disability rating.

For these reasons, ALJ Wilkerson's treatment of Dunham's 100% disability rating warrants reversal and remand of the ALJ's decision under sentence four of U.S.C. § 405(g).

## 2. Dr. Gale-Dyer's Medical Opinion

While there does not appear to be reversible error regarding ALJ Wilkerson's use and evaluation of Dr. Gale-Dyer's opinion, ALJ Wilkerson's explanation for how he utilized the medical opinions in the record in making his RFC determination could be more detailed. *See Warfield v. Berryhill*, No. CV 18-22-HRW, 2019 WL 2932396, at \*3 (E.D. Ky. July 8, 2019) (An ALJ "remains obligated to make a logical bridge between the evidence relied on and the conclusion

reached) (citing *Pollaccia v. Comm'r of Soc. Sec.*, No. 09-cv-14438, 2011 WL 281044, at \*6 (E.D. Mich. Jan. 6, 2011)). Because the Court is remanding the matter for reconsideration of the VA's 100% disability rating, the Agency should further reconsider the RFC determination as a whole, including evaluation of all medical opinions in the record.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this opinion. The Commissioner will be free to evaluate any other issues at that time as well. This is a final and appealable Order and there is no just cause for delay.

Regina S. Edwards, Magistrate Judge
United States District Court

March 16, 2021

Copies:          Counsel of Record

12